UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TAX ANALYSTS<br>400 South Maple Avenue, Suite 400<br>Falls Church, VA 22046,<br>(703) 533-4400,<br><br>Plaintiff,<br><br>v.<br><br>INTERNAL REVENUE SERVICE<br>1111 Constitution Avenue, NW<br>Washington, DC 20224,<br><br>Defendant. | No. ______________________ |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

1. This is an action for declaratory and injunctive relief against the Internal Revenue Service ("IRS") under section 6110 of the Internal Revenue Code ("I.R.C. § 6110") for access to agency records, *i.e.,* certain "background file documents" relating to written determinations issued by IRS.

Jurisdiction and Venue

2. This court has jurisdiction of this action under 26 U.S.C. § 6110(f)(4)(A) and 28 U.S.C. § 1331. Venue lies in this district pursuant to 28 U.S.C. § 1391(e).

Parties

3. Plaintiff Tax Analysts is a leading publisher of periodicals dealing with taxation issues. Founded in 1970 as a District of Columbia non-profit corporation, Tax Analysts is based in Falls Church, Virginia. Tax Analysts serves a readership

of 100,000 tax professionals. Its weekly publications include *Tax Notes Federal,* and its daily publications include *Tax Notes Today Federal.* Tax Analysts also operates a web site at www.taxnotes.com.

4. Defendant IRS is an agency of the United States government.

Factual Background

5. Congress enacted I.R.C. § 6110 in 1976 to impose disclosure obligations on the IRS independently of the agency's obligations under the Freedom of Information Act ("FOIA"), Specifically, I.R.C. § 6110 requires that "written determinations" should be made public as a matter of course, with redactions to be made pursuant to exemptions in I.R.C. § 6110(c). Those exemptions protect taxpayer privacy and other interests and are similar to the exemptions in the FOIA.

6. I.R.C. § 6110 defines a written determination as "a ruling, determination letter, technical advice memorandum, or Chief Counsel advice." 26 U.S.C. § 6110(b)(1). Written determinations are documents in which the IRS staff sets out its interpretation about how specific Code provisions apply in specific factual settings, but with any identifiers as to individual taxpayers redacted. Written determinations thus provide useful guidance to taxpayers and practitioners.

9. I.R.C. § 6110 also mandates the disclosure – but in response to individual requests, not as a matter of course – of "background file documents," which are records generated by IRS staff in the course of preparing a written determination. Background file documents generally include the incoming request, any written material submitted in support of the request, and certain communications between

the IRS and any third party before the determination is issued. I.R.C. § 6110(b)(2). Requests for background file documents are processed in accordance with the procedures and redaction requirements set out in I.R.C. § 6110.

10. Tax Analysts, as a news organization, regularly reports on IRS written determinations. In addition, Tax Analysts has periodically sought access to background file documents in order to provide more in-depth reporting on specific written determinations that may be of particular interest to Tax Analysts' readers.

11. The records at issue in this case are background file documents associated with two written determinations.

12. In March 2024 Tax Analysts, using the procedures set out in Revenue Procedure 2012-31, submitted a request for the background file documents associated with a "private letter ruling" known as "PLR 202340015 (PLR 104193-23)." A private letter ruling is a ruling issued by the IRS national office in response to a taxpayer request for guidance as to a particular set of facts. Private letter rulings are not precedential, except as to the requesting taxpayer, but can nonetheless provide useful guidance to taxpayers and tax professionals.

13. IRS received the request on 27 March 2024.

14. In June 2024 Tax Analysts, using the procedures set out in Revenue Procedure 2012-31, submitted a request for the background file documents associated with "TAM 201929019." TAM is the acronym for a "technical advice memorandum," which is furnished by the IRS Office of Chief Counsel upon the request from IRS staff for guidance as to technical or procedural questions that

generally develop during an examination of a taxpayer's return, a consideration of a taxpayer's claim for a refund or credit, and other situations. TAMs are also non-precedential, but can provide useful guidance to taxpayers and professionals.

15. IRS received this second request on 2 July 2024.

16. IRS has not formally responded to either request, and to date Tax Analysts has received no records.

17. Tax Analysts uses records made available under the FOIA, I.R.C. § 6110 and other "open government" laws in order to report on developments in the field of taxation. Tax Analysts' ability to report the news is impaired by agency failures to provide records in response to requests in a timely fashion.

18. Tax Analysts has a statutory right of access to the records it seeks, and there is no legal basis for IRS to withhold those records.

19. Tax Analysts has exhausted its administrative remedies under I.R.C. § 6110.

20. Tax Analysts has no remedy at law and will suffer irreparable injury absent relief from this Court.

<u>Requests for Relief</u>

Wherefore, plaintiff requests that this Court:

1. Declare that IRS's failure to disclose the requested records to Tax Analysts is unlawful under I.R.C. § 6110;

2. Preliminarily and permanently enjoin IRS from withholding the requested records from Tax Analysts;

3. Award Tax Analysts its costs and a reasonable attorneys' fee; and

4. Grant such other and further relief as the Court may deem just and equitable.

Cornish F. Hitchcock (D.C. Bar No. 238824)
Hitchcock Law Firm PLLC
5614 Connecticut Avenue, NW No. 304
Washington, D.C. 20015
(202) 489-4813
E-mail: conh@hitchlaw.com
Attorney for Plaintiff

Dated: 18 November 2024