IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TAX ANALYSTS,<br><br>Plaintiff,<br><br>v.<br><br>INTERNAL REVENUE SERVICE,<br><br>Defendant. | Case No. 1:24-cv-3257-PLF |

**ANSWER**

Defendant Internal Revenue Service (IRS) answers Plaintiff Tax Analyst's Complaint as follows:

FIRST AFFIRMATIVE DEFENSE

The IRS may withhold any responsive records or portions of records that are exempt from disclosure pursuant to 26 U.S.C. § 6110(c).

SECOND AFFIRMATIVE DEFENSE

Plaintiff is not entitled to any relief beyond that provided under 26 U.S.C. § 6110.

THIRD AFFIRMATIVE DEFENSE

Plaintiff is not entitled to declaratory relief.

FOURTH AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction over Plaintiff's claim for relief under 26 U.S.C. § 6110 because the suit was prematurely filed.

FIFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim under 26 U.S.C. § 6110 for which relief may be granted because the suit was prematurely filed.

SIXTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to attorney's fees and costs.

FOR ITS ANSWER, the IRS further responds to the allegations of the Complaint as follows:

1. Defendant admits that Plaintiff seeks relief under 26 U.S.C. § 6110 for access to agency records and denies all other allegations in this paragraph.

Jurisdiction and Venue

2. The IRS denies that this Court has jurisdiction over this action under 26 U.S.C. § 6110(f)(4)(A) but admits the remaining allegations in the first sentence of Paragraph 2. The IRS admits the allegations in the second sentence of Paragraph 2.

Parties

3. The IRS admits the allegations in the first and second sentences of Paragraph 3. The IRS lacks sufficient information or knowledge to admit or deny the allegations in the third sentence of Paragraph 3. The IRS admits the remaining allegations in this paragraph.

4. Admitted.

Factual Background

5. This paragraph consists of a description of the law to which no response is required because the statute and congressional history speak for themselves. To the extent an answer is required, the IRS admits the statute is correctly described and that redactions are made in accordance with 26 U.S.C. § 6110(c). The IRS denies all other allegations in this paragraph.

6. The first sentence of Paragraph 6 is a partial quote and description of § 6110 to which no response is required. To the extent a response is required, the IRS responds that the statute speaks for itself. The second sentence of Paragraph 6 consists of a characterization of a legal definition to which no response is required. To the extent an answer to the statement in the second paragraph is required, Defendant admits the statute is correctly described. The IRS lacks sufficient information or knowledge to admit or deny the allegations in the third sentence of Paragraph 6.

7. [Paragraph 7 is missing from the complaint.]

8. [Paragraph 8 is missing from the complaint.]

9. Paragraph 9 consists of either statements of law or characterizations of law to which no response is require. To the extent a response is required, the IRS denies the statements in the first sentence of Paragraph 9, and admits the allegations in the second and last sentences.

10. Defendant admits the allegations in the first sentence of Paragraph 10. Defendant lacks sufficient information or knowledge to admit or deny the allegations in the second sentence of Paragraph 10.

11. Admitted.

12. As to the first sentence of Paragraph 12, the IRS denies that the request Tax Analysts submitted includes the words “private letter ruling,” and admits the remaining allegations in the first sentence. Defendant denies the allegation in the second sentence of Paragraph 12 that private letter rulings are issued by the IRS national office but admits the remaining allegations in this sentence. As to the third sentence of Paragraph 12, the IRS admits that private letter rulings are not precedential but lacks sufficient information or knowledge to admit or deny the remaining allegations in this sentence.

13. Denied.

14. The IRS admits that Tax Analysts submitted a request for the background file documents associated with TAM 201929019 in June 2024, but denies the remaining allegations in the first sentence of Paragraph 14. The IRS admits the allegations in the second sentence of Paragraph 14. Defendant admits the allegation in the third sentence of Paragraph 14 that TAMs are also non-precedential but lacks sufficient information or knowledge to admit or deny the remaining allegations in this sentence.

15. Denied.

16. Admitted.

17. Defendant admits that Tax Analysts uses records made available under "other open government laws" to report on developments in the field of taxation. The IRS lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 17.

18. Denied.

19. Denied.

20. Denied.

Requests for Relief

The remainder of the Complaint consists of Plaintiff's prayer for relief to which no response is required. To the extent a response is required, the IRS denies the allegations in Plaintiff's prayer for relief, and avers that Plaintiff is not entitled to any relief in this action.

The IRS denies every allegation of the Complaint not specifically and expressly admitted in this Answer.

WHEREFORE, Defendant Internal Revenue Service requests that this Court deny

Plaintiff the relief it seeks, dismiss the Complaint, and grant such other relief that this Court deems appropriate.

DATED: February 3, 2025

Respectfully submitted,

DAVID A. HUBBERT
Deputy Assistant Attorney General

s/ *Joycelyn S. Peyton*
JOYCELYN S. PEYTON
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, D.C. 20044
Tel: 202-514-6576
Fax: 202-514-6866
Joycelyn.S.Peyton@usdoj.gov
*Counsel for the United States*

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the Defendant Internal Revenue Service's **Answer** has been made on February 3, 2025 via the CM/ECF system, to:

CORNISH HITCHCOCK
Hitchcock Law Firm PLLC
conh@hitchlaw.com
*Counsel for Plaintiff*

/s/ *Joycelyn S. Peyton*
JOYCELYN S. PEYTON
Trial Attorney, Tax Division
U.S. Department of Justice