**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| TAX ANALYSTS,<br><br>*Plaintiff*,<br><br>v.<br><br>INTERNAL REVENUE SERVICE,<br><br>*Defendants*. | Case No. 1:24-cv-3257-PLF |

**MEMORANDUM OF LAW IN SUPPORT OF**
**INTERNAL REVENUE SERVICE'S MOTION FOR SUMMARY JUDGMENT**

Defendant the Internal Revenue Service (the "**Service**" or "**IRS**") hereby moves for summary judgment in its favor in this suit by Plaintiff Tax Analysts under 26 U.S.C. § 6110.

## INTRODUCTION

Plaintiff filed this suit seeking "background file documents" that Plaintiff requested from the Service under 26 U.S.C. § 6110. Specifically, Plaintiff requested background file documents associated with a private letter ruling ("**PLR**") and a technical advice memorandum ("**TAM**") issued by the Service. The Service disclosed the PLR background file document to Plaintiff on July 25, 2025. Plaintiff does not challenge the Service's disclosure of the requested PLR background file document. On September 19, 2025, the Service disclosed 33 pages of the requested TAM background file document to Plaintiff with redactions and withheld the remaining 141 pages in full pursuant to statutory exemptions to disclosure. Plaintiff seeks to obtain disclosure of the redacted and withheld portions of the TAM background file document. However, the Service is entitled to summary judgment because Plaintiff failed to satisfy section 6110's statutory prerequisite for suit before filing and the redacted portions are statutorily

exempt from disclosure pursuant to section 6110(c). The Court should grant summary judgment for the Service.

## LEGAL STANDARD

Federal Rule of Civil Procedure 56 provides that "the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In actions under 26 U.S.C. § 6110, the burden of proof with respect to the issue of disclosure of any information shall be on the Service and any other person seeking to restrain disclosure. 26 U.S.C. § 6110(f)(4)(A).

## STATEMENT OF UNDISPUTED MATERIAL FACTS

The Service incorporates by reference the facts enumerated in its *Statement of Undisputed Material Facts* ("**SUMF**") filed with this motion. (ECF No. 29-2).

## ARGUMENT

### I. Statutory Scheme

26 U.S.C. § 6110 requires public disclosure of "written determinations" issued by the Service, except as otherwise provided in the statute. A "written determination" is "a ruling, determination letter, technical advice memorandum, or Chief Counsel advice." 26 U.S.C. § 6110(b)(1)(A). The Service makes issued written determinations open to public inspection by publishing them on its website.[1] Section 6110 also provides that the Service shall make any "background file document" relating to a written determination open to public inspection, but only upon written request. 26 U.S.C. § 6110(e); Treas. Reg. § 301.6110-1(b)(1). A background file document with respect to a written determination includes:

---

[1] https://www.irs.gov/written-determinations

> the request for that written determination and any written material submitted in support of the request, and any communication (written or otherwise) between the Internal Revenue Service and persons outside the Internal Revenue Service in connection with such written determination (other than any communication between the Department of Justice and the Internal Revenue Service relating to a pending civil or criminal case or investigation) received before issuance of the written determination.

26 U.S.C. § 6110(b)(2).

If a person requests a background file document be made public and the Service denies their request, or the person seeks to obtain additional disclosure as to the background file document, they may bring suit seeking an order compelling disclosure in the United States Tax Court or the United States District Court for the District of Columbia, but only after exhausting available administrative remedies. *Id*. § 6110(f)(4)(A). If the Service does not approve or deny the request within 180 days after the request is submitted, the person making the request may bring suit. Treas. Reg. § 301.6110-5(d)(3).

Section 6110 requires the Service to delete certain information from a background file document before making it public. 26 U.S.C. § 6110(c). If a background file document is requested or an action is commenced under section 6110(f)(4), the Service is required to notify any person to whom the background file document pertains. *Id*. § 6110(f)(1), (4)(B); Treas. Reg. § 301.6110-5(a)(1), (d)(4). The recipient of the notice then has twenty days to submit a statement to the Service asserting their position on the proposed disclosure. Treas. Reg. § 301.6110-5(d)(1).

**II. The suit is premature.**

Any person who requests disclosure of a background file document may bring suit seeking an order requiring additional disclosure, but only if the requester has exhausted the administrative remedies prescribed by the Secretary of the Treasury. 26 U.S.C. § 6110(f)(4)(A)

(referring to the administrative remedies established by regulations prescribed pursuant to 26 U.S.C. § 6110(f)(2)). The Treasury Regulations in turn provide that "no complaint shall be filed" unless the administrative remedies have been exhausted, or until after 180 days after the request is submitted to the Service if the agency does not approve or deny the request. Treas. Reg. § 301.6110-5(d)(3). Thus, exhausting administrative remedies, or waiting 180 days if no decision is made, is a mandatory condition to suit under section 6110. 26 U.S.C. § 6110(f)(4)(A).

Here, the Service did not approve or deny Plaintiff's request for disclosure of the TAM background file document prior to Plaintiff filing this suit. (SUMF, ¶ 6.) Thus, Plaintiff was required to wait 180 days from the day it submitted its request to the Service before filing this suit. Treas. Reg. § 301.6110-5(d)(3). Plaintiff submitted its request for disclosure of the TAM background file document in June 2024. (SUMF, ¶ 5.) According to the complaint, the Service received it on July 2, 2024. (ECF No. 2 at ¶ 15.) Rather than wait the required 180 days, Plaintiff jumped the gun and filed this suit on November 19, 2024. Therefore, Plaintiff's suit is premature.[2]

In enacting section 6110, Congress created a cause of action for judicial review but explicitly limited availability to only those who satisfied the statutory prerequisites. 26 U.S.C. § 6110(f)(4)(A). Plaintiff did not do so. The Court can, and should, grant summary judgment for the Service on that basis alone.

[2] While the timeline contained in the complaint suggests that Plaintiff submitted its request to the Service in late June, even presuming the request was submitted on June 1, 2025, the maximum number of days that could have passed between the date Plaintiff submitted the request and filed this suit is 171.

**II. The withheld portions of the record are exempt from disclosure.**

In addition to Plaintiff's failure to satisfy section 6110's mandatory statutory prerequisite to judicial review, the Service is entitled to summary judgment in its favor on the merits because the withheld portions of the background file document are exempt from disclosure pursuant to 26 U.S.C. § 6110(c)(1) and (c)(5). Under the statute, the Court may examine the unredacted background file document to aid its determination of whether the withheld portions should be disclosed. 26 U.S.C. § 6110(f)(4)(A).

**A. The Service properly withheld information exempt from disclosure under 26 U.S.C. § 6110(c)(1) and (c)(5).**

Section 6110 requires the Service to delete certain information from a background file document before making it public. 26 U.S.C. § 6110(c). Under subsection (c)(1), the Service must delete "the names, addresses, and other identifying details of the person to whom the written determination pertains and of any other person … identified in the written determination or any background file document[.]" *Id.* § 6110(c)(1). The applicable Treasury Regulations explain that "identifying details" constitute any "other information that would permit a person generally knowledgeable with respect to the appropriate community to identify any person." Treas. Reg. § 301.6110-3(a)(1)(ii). The determination of whether information would permit identification of a particular person is made "in view of information available to the public at the time the written determination or background file document is made open to inspection and in view of information that will subsequently become available." *Id*. The "appropriate community" is one that "would be able to associate a particular person with a category of transactions one of which is described in the written determination or background file document." *Id.*

Under subsection (c)(5), the Service must delete any "information the disclosure of which would constitute a clearly unwarranted invasion of personal privacy[.]" 26 U.S.C. § 6110(c)(5).

Personal privacy information encompasses "sensitive information that a reasonable person would not reveal to the public under ordinary circumstances." Treas. Reg. § 301.6110-3(a)(5).

Here, pursuant to the procedures outlined by the statute and applicable regulations, the taxpayer to whom the TAM pertains (the "**subject taxpayer**") requested full withholding of the background file document pursuant to section 6110(c)(1) and (5) because it believed that this information had previously been disclosed in violation of 26 U.S.C. § 6103.[3] (SUMF, ¶ 10). Indeed, under the applicable Treasury Regulations, the Service was required to make its determination as to withholdings with consideration as to "information available to the public at the time the background file document" is made public. Treas. Reg. § 301.6110-3(a)(1)(ii). In light of a prior disclosure of the information in the background file document, the majority of the background file document would already be associated with the subject taxpayer and would thus permit the public at large—even beyond those in the "appropriate community"—to identify the subject taxpayer and thus constitutes identifying information exempt from disclosure.

The prior disclosure by former IRS contractor Charles Littlejohn involved multiple instances of theft of tax return information and delivery of that information to two news organizations, which each published several articles using the stolen taxpayer data. *See* Press Release, U.S. Department of Justice, Former IRS Contractor Sentenced for Disclosing Tax Return Information to News Organizations (Jan. 29, 2024), https://www.justice.gov/archives/opa/pr/former-irs-contractor-sentenced-disclosing-tax-return-information-news-organizations. This violated the confidentiality laws applicable to the tax information of thousands of U.S. taxpayers and generated in excess of fifty news articles. *See id.*

[3] 26 U.S.C. § 6103 prohibits disclosure of tax returns and tax return information absent explicit statutory authorization. *Church of Scientology of Calif. v. IRS*, 484 U.S. 9 (1987).

As such, this disclosure made a large volume of information widely available to the general public.[4] If the withheld portions of the TAM background file document were disclosed, it is reasonably foreseeable that a follower of these events could use the unauthorized disclosure to attempt to glean the identity of the subject taxpayer.

The background file document also contains sensitive information that a reasonable person would not reveal to the public under ordinary circumstances. From the attached index of the TAM background file document, the withheld records pertain to sensitive financial and business information. (*See* 29-3 at 6.) Again, in light of a prior disclosure, such information would already be associated with the subject taxpayer and would thus be subject to the mandatory deletion on personal privacy grounds. Thus, sections 6110(c)(1) and (5) exempt the withheld portions of the record from disclosure.

### B. To resolve any questions of fact, the Court should grant the Service leave to submit unredacted copies of the subject documents *ex parte* and *in camera* for the Court's analysis.

26 U.S.C. § 6110 provides that the Court "may examine the entire text of … [a] background file document in order to determine whether [it] shall be open or available to public inspection[.]" 26 U.S.C. § 6110(f)(4)(A). Here, portions of the background file document were categorically withheld under sections section 6110(c)(1) and (c)(5) in light of prior public disclosures. The TAM background file document comprises only 174 pages, and the Service has provided an index of the document with this motion. If the Court is not inclined to rule on the parties' summary judgment motions, the Court should use the statutory authorization to review the records at issue and determine the disclosure issue here.

[4] Charles Littlejohn pleaded guilty to unauthorized disclosure of tax returns and tax return information in October 2023 and was sentenced to five years in prison in January 2024. *Id.*

## CONCLUSION

The Court should grant summary judgment for the Service because Plaintiff filed prematurely, in contravention of section 6110's mandatory requirement, and because the Service has shown that the withheld portions of the records at issue are statutorily exempt from disclosure.

Dated: July 10, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

JOSHUA WU
Deputy Assistant Attorney General,
Tax Litigation Branch

*/s/ Jennifer D. Auchterlonie*
JENNIFER D. AUCHTERLONIE
Assistant Director
ROBERT J. ATRAS
Trial Attorney
U.S. Department of Justice, Civil Division
P.O. Box 227
Washington, D.C. 20044
(202) 616-9183 (JDA)
(202) 598-3738 (RJA)
Jennifer.D.Auchterlonie@usdoj.gov
Robert.J.Atras@usdoj.gov
*Counsel for the Internal Revenue Service*