UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| TAX ANALYSTS,<br><br>Plaintiff,<br><br>v.<br><br>INTERNAL REVENUE SERVICE,<br><br>Defendant. | ) | Civil Action No. 24-3257 (PLF) |

MEMORANDUM OPINION AND ORDER

This matter is before the Court on the motion of the Internal Revenue Service ("IRS") for summary judgment [Dkt. No. 29] and the plaintiff's response to that motion ("Pl. Resp.") [Dkt. No. 30]. After the filing of several joint status reports and requests for extensions of time, the IRS filed its reply in support of its motion for summary judgment ("Reply") [Dkt. No. 31] on August 26, 2026.

The parties have agreed that this case can easily be resolved once the identity of the subject taxpayer is known. See Pl. Resp. at 1; Reply at 1. Plaintiff does not have this information and, for reasons to be explained, the IRS refuses to make it available to the plaintiff. Instead, the parties agree that the case could move forward if this Court reviewed the disputed material in camera. See Pl. Resp. at 2; Reply at 1-2. At the Court's request, the IRS delivered the relevant materials to the Court on September 4, 2026, and the Court has now reviewed them.

The parties agree that former IRS contractor Charles Littlejohn publicly disclosed tax return information of "some prominent Americans," including Donald Trump, Warren Buffett, Bill Gates, Rupert Murdoch, Mark Zuckerberg, Jeff Bezos, Elon Musk, and others. The

parties now also agree that if the taxpayer here is a person of such prominence, he or she could easily be identified with the Littlejohn disclosure and related news reporting. See Pl. Resp. at 2; Reply at 1-2. Any member of the public would be able to identify the subject taxpayer. If that is the case, the parties agree, the Court necessarily would conclude that the withheld documents are exempt from disclosure. See id. (citing 26 U.S.C. § 6110(c)(1) and (c)(5)). The Court, having now reviewed the documents in camera, concludes that the subject is a person of such prominence that disclosure would be tantamount to identifying the taxpayer. Therefore, the records may be withheld. Accordingly, it is hereby

ORDERED that on or before September 23, 2026, the parties shall meet and confer and file a joint status report suggesting appropriate next steps in this case.

SO ORDERED.

Paul L. Friedman

PAUL L. FRIEDMAN
United States District Judge

DATE: 9/9/26